# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:10-CV-76-MOC-DSC

SHAD EVERETTE ELLIS,            )
                                )
      Plaintiff,           )
                                )
v.                              )
                                )
WAL-MART DISTRIBUTION,          )
SAM CULB (sic) DISTRIBUTION,    )
DISTRIBUTION TECHNOLOGY INC.,   )
TARGET WAREHOUSE AND            )
DISTRIBUTION,                   )
                                )
      Defendant.           )
_____)

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court following the pro se Plaintiff's response to the Court's "Order to Show Cause," Doc. 20, entered June 29, 2011.

On May 17, 2011, the Court issued a "Memorandum and Order," Doc.15, granting Defendant's "Motion to Compel Plaintiff's Attendance at His Deposition," Doc.13, and ordering Plaintiff to appear for his deposition within twenty-one days at the date, time and location noticed by Defendant. In that Order, the Court warned Plaintiff that "failure to appear for his deposition as ordered below or failure to respond to any other of the Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include Plaintiff being required to pay the Defendants' costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice**. " Doc. 15 at 1-2.

In accordance with the Court's Order, counsel for Defendant served Plaintiff with a second

Notice of Deposition on May 17, 2011, scheduling his deposition for June 1, 2011, at 9:30 a.m. at the law offices of Parker Poe Adams & Bernstein LLP. Included with the Notice was a cover letter warning Plaintiff that he was required to appear for his deposition, and if he failed to do so, Defendant would seek dismissal of his lawsuit with prejudice. Plaintiff acknowledged receipt of the Notice of Deposition and cover letter on May 19, 2011. Doc. 19 at Ex. 1. On June 1, 2011, despite the Court's warning, Plaintiff did not appear for his deposition, nor did he contact counsel for Defendant to explain his absence or to reschedule.

On June 10, 2011, Defendant filed its "Motion of Defendant Distribution Technology Inc. To Dismiss Plaintiff's Complaint," Doc. 18, asserting that the Court should dismiss this action with prejudice based on Plaintiff's continued refusal to appear for his deposition and disregard for the Court's Order, Doc. 15, compelling his attendance at his deposition. Plaintiff did not respond to the Motion to Dismiss.

On June 29, 2011, attempting to give pro se Plaintiff every reasonable opportunity to prosecute his claims in this matter, the Court issued an "Order to Show Cause," Doc. 20. The Court ordered the Plaintiff "[o]n or before July 29, 2011...[to] **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. The Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**." Doc. 33 at 2 (emphasis in original).

Plaintiff filed a response to the Court's Order on July 29, 2011, Doc. 21. The response is replete with frivolous and nonsensical jurisdictional arguments referring to the "Moorish Nation."

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to dismiss a case for failure to comply with a court order or attend a properly-noticed deposition. Fed. R. Civ. P. 37 (b)(2); Fed. R. Civ. P. 37(d). Rule 37(b)(2) provides that, "[i]f a party . . . fails to obey an order to

2

provide or permit discovery . . . the court where the action is pending may issue further just orders[,] [which] may include . . . dismissing the action or proceeding[.]" Fed. R. Civ. P. 37(b)(2)(v). Furthermore, Rule 37(d) allows the court to order sanctions for a party's failure to attend his properly noticed deposition which may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). Before dismissing a case pursuant to Rule 37, courts in the Fourth Circuit are required to consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Mut. Fed. Sav. & Loan Assn v. Richards & Assoc., Inc., 872 F.3d 88, 92 (4th Cir. 1989).

A District Court also has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Applying these legal principles, the undersigned concludes that dismissal for failure to comply with a court order and for failure to prosecute is the appropriate remedy for Plaintiff's blatant disregard of the Court's Order dated May 17, 2011, Doc. 15, and his refusal to prosecute this action in an diligent manner.

Plaintiff received both Notices of Deposition and the Court Order mandating his attendance. Plaintiff has purposefully ignored the Court's Order and has offered no excuse or justification whatsoever for failing to appear for two properly noticed depositions on April 20, 2011 and June 1, 2011. This behavior constitutes bad faith. See Mut. Fed. Sav. & Loan Assn , 872 F.3d at 93 (failure to appear for deposition in the face of court order supports finding of bad faith and evidences pattern of indifference and disrespect to the authority of the court).

Additionally, Plaintiff's actions have substantially prejudiced Defendant by requiring it to prepare for Plaintiff's deposition twice, engage a court reporter twice, and prepare two motions for sanctions. Defendant asserts that it has incurred thousands of dollars in attorneys' fees and expenses in connection with Plaintiff's refusals to appear for his deposition. See Parks v. Huff, 955 F.2d 42 (table), 1992 WL 21363, at *2 (4th Cir. Feb. 10, 1992)(expense and lost time constitute prejudice). Plaintiff's deposition is an essential part of the case, and a defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process. Rowley v. City of North Myrtle Beach, No. 4:06-1873TLW-TER, 2008 WL 4831422, at *4-5 (D.S.C. Oct. 31, 2008)(plaintiff's failure to attend depositions undeniably caused prejudice because it prevented defendant from discovering the relevant facts and preparing their case).

The Court must also deter failure to participate in the discovery process and failure to appear for two properly-noticed depositions. As stated by the Fourth Circuit, "not only does the noncomplying party jeopardize [the] adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." Mut. Fed. Sav. & Loan Assn , 872 F.2d at 92 (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976); Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504 (4th Cir.1977)). Moreover, violating a court order to appear for a deposition without

4

even attempting to offer justification or excuse undermines this Courts ability to manage this case effectively. Id. at 93 (conduct such as stalling and ignoring direct orders of the court must obviously be deterred).

Plaintiff has explicitly stated to defense counsel on several occasions that he has absolutely no intention of appearing for his deposition unless a judge is present. The Federal Rules of Civil Procedure do not grant him such a right. In light of Plaintiff's actions, the undersigned finds that any sanction short of dismissal would be ineffective in this case. The Court has already ordered Plaintiff to appear and warned him that failure to appear for his deposition may result in dismissal of his case. Undeterred by this warning, Plaintiff chose to ignore a second properly noticed Court ordered deposition. Furthermore, Plaintiff's response to the Court's Order to Show Cause asserts frivolous jurisdictional arguments that are not responsive to the Court's Order. Under these circumstances, the undersigned finds that further warnings would be futile. See Viswanathan v. Scotland County Bd. Educ., 165 F.R.D. 50 (M.D.N.C. 1995) (case dismissed after explicit warning from court that further non-compliance would result in dismissal), aff'd by 76 F.3d 377 (table), 1996 WL 36916 (4th Cir. Jan. 31, 1996)); Green v. John Chatillon & Sons, 188 F.R.D. 422 (M.D.N.C. 1998) (same).

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss," Doc. 18, be **GRANTED** and that the Complaint be **DISMISSED**

**WITH PREJUDICE** as a sanction for Plaintiff's failure to comply with the Court's Order dated May 15, 2011 and failure to prosecute this action.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: August 2, 2011

David S. Cayer
United States Magistrate Judge