# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10cv76

| | |
|---|---|
| SHAD EVERETTE ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DISTRIBUTION TECHNOLOGY, ) | |
| INC.; WAL-MART DISTRIBUTION; ) | |
| SAM'S CLUB DISTRIBUTION; and ) | |
| TARGET WAREHOUSE AND ) | |
| DISTRIBUTION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the defendant's Motion to Dismiss (#18) and the Memorandum and Recommendation (#22) of Honorable David S. Cayer, United States Magistrate Judge, regarding the disposition of such motion.

Pursuant to 28, United States Code, Section 636(b), Judge Cayer was designated to consider such pending motion in the above captioned action and to submit to this court a recommendation as to the disposition of such motion. On August 2, 2011, Judge Cayer entered his Memorandum and Recommendation (#22) containing proposed findings of fact and conclusions of law in support of his recommendation concerning such motion. The parties were advised that any objections to the Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The period within which to file objections expired August 19, 2011, and no written objections to the Memorandum and Recommendation have been filed.

On August 24, 2011, plaintiff filed an "Affidavit of Fact Writ of Error Writ of

-1-

Mandamus And appeal to the Higher Court." (#24)  Earlier, plaintiff filed a "Affidavit of Fact re: Writ of Mandamus by Shad Everette" (#16), which was taken up by the Court of Appeals for the Fourth Circuit and recently denied.[1]  In an abundance of caution, the court has reviewed such document to determine whether it contains any objection to the Memorandum and Recommendation now under consideration.  That document discusses, among other matters, the "Moorish Nation," disqualification of jurists under Title 28 of the United States Code, seeks to propound interrogatories to "Employer and Court," questions whether counsel properly appeared at the hearing before Judge Cayer, and states that the judges of this court are "paying federal income taxes on their compensation, in violation of Article III, Section I." Id.  Plaintiff also states that "[t]his action seeks . . . the Supreme court to issue a Writ of Mandamus compelling United States Magistrate David S. Cayer, to honor the Petitioner['s] Default Judgment . . . ." Id., at 20.[2]

Despite the volume and breadth of topics covered in such pleading, plaintiff has not made any "specific written objection" to Judge Cayer's recommendation as required by Rule 72(b)(2), Federal Rules of Civil Procedure.  Reading such document in a light most favorable

---

[1] The court notes that two days before filing this Affidavit, the Court of Appeals for the Fourth Circuit denied his request for mandamus, holding, as follows:

> Ellis is not entitled to a default judgment, nor is the district court under a duty to grant such a judgment. Thus, the relief sought by Ellis is not available by way of mandamus. Accordingly, we deny the petition for writ of mandamus.

In re: Shad Everette Ellis, No. 11-1571, Slip Op., at 2 (4th Cir. August 22, 2011).

[2] Rule 13.1 of the Rules of the Supreme Court requires a petition for a writ of certiorari to be filed with the Clerk of the Supreme Court within 90 days of entry of the judgment of the appellate court
The advice of appellate rights contained at the end of the document is intended to instruct plaintiff on how to file an appeal from this court's judgment to the Court of Appeals for the Fourth Circuit, not how to appeal the judgment of an appellate court to the United States Supreme Court.

to plaintiff, he appears to object to the federal judicial system, or at least to the participation of federal judges in such system. Such is not the type of specific written objection contemplated by Rule 72, especially where, as here, it was plaintiff who invoked this court's jurisdiction.

After careful independent review of Judge Cayer's well reasoned Memorandum and Recommendation, the court finds that the proposed conclusions of law are fully consistent with current case law and that the recommended dismissal with prejudice is the only remedy available as less drastic sanctions would be ineffectual in light of plaintiff's conduct evincing a disregard for orders of this court. See Mut. Fed. Sav. & Loan Assn. V. Richards & Assoc., Inc., 872 F.3d 88, 92 (4th Cir. 1989). Accordingly, the court hereby **ACCEPTS** Judge Cayer's recommendation that the Motion to Dismiss be allowed.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#18) is **GRANTED** and that this action is **DISMISSED** with prejudice for failure to comply with the court's May 15, 2011, Order and to otherwise prosecute this action.

A judgment consistent with this Memorandum and Decision shall be entered by the Clerk of Court simultaneously herewith.

## Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832

(1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See <u>United States ex rel. Leonard v. O'Leary</u>, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: August 29, 2011

Max O. Cogburn Jr.
United States District Judge